UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ZACHARY RYAN BUNTING,

          Plaintiff,                  Case No. 1:14-cv-765

v.                                   Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

          Defendant.

_____/

## OPINION

Plaintiff brings this *pro se* action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for Supplemental Security Income (SSI).[1]

Plaintiff was born on April 17, 1985 (AR 162).[2] He alleged a disability onset date of May 30, 2008, filing his application for SSI on August 26, 2011 (AR 12). Plaintiff earned a GED and had additional training as a welder (AR 167). He had previous employment as a general laborer and welder (AR 17, 167). Plaintiff identified his disabling condition as epilepsy (AR 167).

This is not plaintiff's first attempt to obtain benefits. He filed a previous application for a period of disability, disability insurance benefits and supplemental security income July 2009 (AR 12). Those applications were ultimately denied by an administrative law judge (ALJ) in a decision dated July 11, 2011 (AR 12, 53-60).

_____

[1] While plaintiff brings this appeal *pro se*, the Court notes that he was represented by counsel at the administrative hearing (AR 23).

[2] Citations to the administrative record will be referenced as (AR "page #").

The ALJ in the present case found that the 2011 decision was final and binding as to plaintiff's condition through July 11, 2011 (AR 12), reviewed plaintiff's present claim commencing on August 26, 2011 *de novo* , and entered a written decision denying benefits on April 12, 2013 (AR 12-19).  The 2013 decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I.  LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence.  42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990).  "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994).   A determination of substantiality of the evidence must be based upon the record taken as a whole.  *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only.  This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).  The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record.  *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence.  *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not

disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

"The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases." *D'Angelo v. Commissioner of Social Security*, 475 F. Supp. 2d 716, 719 (W.D. Mich. 2007). "The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II.   ALJ'S DECISION

Plaintiff's claim failed at the fifth step of the evaluation. At the first step, the ALJ found that plaintiff has not engaged in substantial gainful activity since his SSI application date of August 26, 2011 (AR 14). At the second step, the ALJ found that plaintiff had severe impairments of seizure disorder and history of partial amputation of the fifth finger on the left hand (AR 14). At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (AR 15). The ALJ decided at the fourth step that:

> [T]he claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: he requires the option to sit or stand at will and he cannot work at unprotected heights or around dangerous moving machinery; he cannot operate motorized vehicles or work around hazards of any kind; and he is limited to only occasional handling and fingering with the non dominant upper extremity.

(AR 15). The ALJ also determined that plaintiff is unable to perform any past relevant work (AR 17).

At the fifth step, the ALJ determined that plaintiff could perform a significant number of unskilled jobs at all exertional levels in the national regional economy (AR 18). Specifically, plaintiff could perform the following unskilled work in Michigan: inspector (2,500 jobs); greeter (1,500 jobs); and parking booth cashier (1,500 jobs) (AR 18). Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, since August 26, 2011, the date the application for SSI was filed (AR 18-19).

### III.   ANALYSIS

Neither of plaintiff's *pro se* letter briefs (docket nos. 14 and 16) include a statement of errors as directed by the Court. *See* Notice (docket no. 10). Based on plaintiff's filings, the Court has identified four errors subject to review.

### A.   Plaintiff's history of epilepsy precludes all work.

Plaintiff contends that he cannot work because he has epilepsy, suffers seizures, and has a history of being injured at work while having a seizure. The ALJ addressed plaintiff's epilepsy as follows:

> Claimant testified he had seizures three or four times per month. He testified he had spasms all day long, everyday. Additionally, he testified he passes out as if in a daydream. . . Further, he testified he had received no medical treatment since September 2012 and he sees his doctor only a few times per year.

> Claimant's allegations of seizure frequency are not supported by the record. The records document alleged seizure activity only in January 2010, June 2010, September 2011 and September 2012 (Exhibit B3F at 2, and B3F at 4, 14-16, and 21). Additionally, he has not required referral to a neurologist and his EEG in 2009 was normal (Exhibit B1F). Moreover, claimant's Depakote levels have been in the therapeutic range (Exhibit 3F at 17 and 18). In addition, he reported in a seizure questionnaire that he did not know how often he had seizures and his sister reported in a September 2011 questionnaire that he had had only two seizures since June 2011 (Exhibit B3E and B5E). Moreover, Social Security Ruling 87-6 states that as a result of modern treatment, which is widely available, only a small percentage of epileptics

5

who are under appropriate treatment are precluded from engaging in substantial gainful activity.

*     *     *

In addition to claimant's infrequent treatment, he also reports extensive activities of daily living.  Claimant testified he was able to do housework, including laundry and vacuuming, and he was able to prepare food.  Further, in his Function Reports he indicated he had no problems with personal care, he could prepare food and do basic chores, he was able to shop in stores, and he enjoyed reading, watching television and spending time with others (Exhibits B4E and B8E).

(AR 16).

Plaintiff contends that he has been disabled since childhood because he would always be at risk for having a seizure, even if he took medicine.  *See* Plaintiff's Letter Brief (docket no. 16 at pp. ID## 374-75).  Contrary to plaintiff's contention, the fact that he has been diagnosed with epilepsy does not render him disabled under the Social Security Act.   "[T]he mere diagnosis of an impairment does not render an individual disabled nor does it reveal anything about the limitations, if any, it imposes upon an individual." *McKenzie v. Commissioner of Social Security*, No. 99-3400, 2000 WL 687680 at *5 (6th Cir. May 19, 2000), *citing Foster v. Bowen*, 853 F.2d 488, 489 (6th Cir. 1988).

The Court construes plaintiff's claim as contesting the ALJ's decision that he was not disabled under the listings for epilepsy, i.e., 11.02 ("Epilepsy - convulsive epilepsy") and 11.03 ("Epilepsy - nonconvulsive epilepsy").  *See* Listings 11.02 and 11.03,  20 C.F.R. Pt. 404, Subpt. P, App. 1.  A claimant bears the burden of demonstrating that he meets or equals a listed impairment at the third step of the sequential evaluation. *Evans v. Secretary of Health & Human Services*, 820 F.2d 161, 164 (6th Cir.1987).  In order to be considered disabled under the Listing of Impairments, "a claimant must establish that his condition either is permanent, is expected to result in death, or

is expected to last at least 12 months, as well as show that his condition meets or equals one of the listed impairments." *Id.* An impairment satisfies the listing only when it manifests the specific findings described in the medical criteria for that particular impairment. 20 C.F.R. § 416.925(d). A claimant does not satisfy a particular listing unless all of the requirements of the listing are present. *See Hale v. Secretary of Health & Human Services*, 816 F.2d 1078, 1083 (6th Cir.1987). *See, e.g., Thacker v. Social Security Administration*, 93 Fed.Appx. 725, 728 (6th Cir 2004) ("[w]hen a claimant alleges that he meets or equals a listed impairment, he must present specific medical findings that satisfy the various tests listed in the description of the applicable impairment or present medical evidence which describes how the impairment has such equivalency"). If a claimant successfully carries this burden, the Commissioner will find the claimant disabled without considering the claimant's age, education and work experience. 20 C.F.R. § 416.920(d).

To meet the requirements under Listing 11.02, plaintiff must establish, among other elements, that he has convulsive epilepsy "documented by detailed description of a typical seizure pattern, including all associated phenomena; occurring more frequently than once a month in spite of at least 3 months of prescribed treatment." *See* Listing 11.02. Similarly, to meet the requirements under Listing 11.03, plaintiff must establish, among other elements, that he has nonconvulsive epilepsy "documented by detailed description of a typical seizure pattern, including all associated phenomena; occurring more frequently than once weekly in spite of at least 3 months of prescribed treatment." *See* Listing 11.03.

Here, the ALJ found that plaintiff did not meet the requirements of either listing because his medical records "do not document a pattern of seizures occurring more frequently than once per month in spite of at least three months of prescribed treatment" (AR 15). The ALJ's

determination is supported by substantial evidence.  The ALJ noted that the medical records document alleged seizure activity only in January 2010, June 2010, September 2011 and September 2012 (AR 16, 237, 239, 249-51 and 254).  In addition, the ALJ noted that plaintiff's sister reported in September 2011 that he had only two seizures since June 2011 (AR 16).  Finally, after finding that plaintiff did not meet either listing for epilepsy, the ALJ's RFC accommodated plaintiff's seizure disorder by eliminating work at unprotected heights or around dangerous machinery, work "around hazards of any kind," and work which involved operating motorized vehicles (AR 15).  Accordingly, plaintiff's claim of error will be denied.

### B.  Plaintiff has memory loss and lack of concentration.

Plaintiff contends that he suffers from memory loss and lack of concentration as side effects from his medication.  The ALJ determined that plaintiff did not suffer from any determinable mental impairment:

> [C]laimant alleges difficulty with his memory and concentration (Exhibits B4E and B8E).  However, claimant has not reported any memory or concentration problems to his treating provider and he has received no treatment (Exhibit B3F).  Furthermore, the record contains no medically determinable mental impairment.  Because claimant's allegations of memory and concentration problems are not supported by a medically determinable impairment, they cannot be considered to cause any functional limitations (Social Security Ruling 96-4p).

(AR 15).

The referenced exhibit (B3F) consists of 25 pages of medical records (AR 236-60) and does not include any reports of memory loss or lack of concentration to his medical providers.  Allegations of a medication's side effects must be supported by objective medical evidence.  *See Essary v. Commissioner of Social Security*, 114 Fed. Appx. 662, 665-66 (6th Cir. 2004) (where plaintiff testified that she suffered from dizziness and drowsiness as a result of her medications, the

ALJ did not err in finding that she suffered no side effects where her medical records contain no such reported side effects to her physicians); *Farhat v. Secretary of Health and Human Services*, No. 91-1925, 1992 WL 174540 at * 3 (6th Cir. July 24, 1992) ("[claimant's] allegations of the medication's side-effects must be supported by objective medical evidence").  Based on this record, the ALJ could properly reject plaintiff's alleged medication side effects of memory loss and lack of concentration. Accordingly, plaintiff's claim of error will be denied.

### C.    Plaintiff has problems gripping with his left hand.

Plaintiff contends that he has limitations holding and gripping with his left hand.  As discussed, the ALJ determined that plaintiff's "history of partial amputation of the fifth finger on the left hand" was a severe impairment (AR 15).  At the administrative hearing, plaintiff testified that his left pinky finger was amputated above the first knuckle and that he does not "have much of a grip" in his left hand (AR 34).  However, plaintiff's testimony indicates that this presents only minimal limitations, i.e., he is right handed, he has no problems with his right hand, and he can lift 50 pounds and carry about 30 pounds (AR 34-35, 37).  In considering plaintiff's claim, the ALJ found that "although claimant alleges problems with gripping with his left hand, his records do not indicate any reports of difficulty with the use of his left hand (Exhibit B3F)" (AR 16).  Based on this record, the ALJ addressed the partial amputation by limiting plaintiff to "only occasional handling and fingering with the non-dominant upper extremity" (AR 15, 17).  The ALJ's limitation with respect to plaintiff's left hand is supported by substantial evidence.  Accordingly, plaintiff's claim of error will be denied.

### D.    New evidence

### 1.    Sentence-six remand

Plaintiff has submitted a "supplement" containing medical records which were generated after the ALJ's April 12, 2013 decision denying benefits.  *See* Supplement (docket nos. 6 and 6-1).  When a plaintiff submits evidence that has not been presented to the ALJ, the court may consider the evidence only for the limited purpose of deciding whether to issue a sentence-six remand under  42 U.S.C. § 405(g).  *See Sizemore v. Secretary of Health and Human Services*, 865 F.2d 709, 711 (6th Cir.1988).  Under sentence-six, "[t]he court . . . may at any time order the additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . ."  42 U.S.C. § 405(g).  In a sentence-six remand, the court does not rule in any way on the correctness of the administrative decision, neither affirming, modifying, nor reversing the Commissioner's decision.  *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991).  "Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding."  *Id.*  "The party seeking a remand bears the burden of showing that these two requirements are met."  *Hollon ex rel. Hollon v. Commissioner of Social Security*, 447 F.3d 477, 483 (6th Cir. 2006).

In order for a claimant to satisfy the burden of proof as to materiality, "he must demonstrate that there was a reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with the new evidence."  *Sizemore*, 865 F.2d at 711.  However, "[e]vidence of a subsequent deterioration or change in condition after the

administrative hearing is deemed immaterial." *Wyatt v. Secretary of Health and Human Services*, 974 F.2d 680, 685 (6th Cir. 1992).

"A claimant shows 'good cause' by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ." *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). To show good cause a claimant is required to detail the obstacles that prevented him from entering the evidence in a timely manner. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007). "The mere fact that evidence was not in existence at the time of the ALJ's decision does not necessarily satisfy the 'good cause' requirement." *Courter v. Commissioner of Social Security*, 479 Fed. Appx. 713, 725 (6th Cir. 2012).

## 2. Leg injury

Plaintiff contends that he has a lot of problems with his right leg in which was recently repaired with 14 screws and two plates. Plaintiff's claim regarding his leg was not part of the administrative proceedings. Plaintiff's counsel's pre-hearing statement to the ALJ referred only to his history of seizures (AR 220-21). In addition, plaintiff presented no evidence of a limitation related to his right leg prior at the administrative hearing. On the contrary, plaintiff testified at the hearing that he had no difficulty in sitting, standing or lifting up to 50 pounds (AR 37-38).

Plaintiff's claim regarding his leg is an new matter which arose approximately six months after the ALJ's decision denying benefits. Specifically, during the night of October 2, 2013, plaintiff "jumped off a log . . . twisting his right foot and ankle." *See* Supplement (docket no. 6-1 at p. ID# 34). On the morning of October 3, 2013, plaintiff reported to emergency room staff that "[h]e was drinking heavily last night" and "awakened with pain and swelling at the ankle which extends up the tib-fib to proximal mid shin." *Id.* Plaintiff reported no other injuries from jumping

11

off of the log.  *Id.*  That same day, plaintiff underwent surgery to repair a "[c]omminuted fracture distal tibia and fibula."  *Id.* at pp. ID## 49-51.  While plaintiff suffered a serious leg injury in October 2013, that injury is irrelevant with respect to whether he was disabled on April 12, 2013.  *See Wyatt*, 974 F.2d at 685.  Plaintiff's new evidence regarding his right leg fails to meet the materiality requirement for a sentence-six remand.  Accordingly, plaintiff's request for a sentence-six remand with respect to his right leg fractures suffered in October 2013 will be denied.

### 3.    Other medical records

Plaintiff has submitted additional medical records from October 2013 through July 2014 which address other medical issues.  Supplement at pp. ID## 14-73.  These records, some of which were generated more than one year after the ALJ's decision, are not material for purposes of a sentence-six remand.  *See Wyatt*, 974 F.2d at 685.  Accordingly, plaintiff's request for a sentence-six remand with respect to these medical records will be denied.

### IV.  CONCLUSION

The ALJ's determination is supported by substantial evidence.  The Commissioner's decision will be **AFFIRMED** pursuant to 42 U.S.C. § 405(g).  A judgment consistent with this opinion will be issued forthwith.


Dated:  August 25, 2015                    /s/ Ray Kent
                                           RAY KENT
                                           United States Magistrate Judge